Lawrence P. House, California Bar no. 139144
LAW OFFICE OF LAWRENCE P. HOUSE
1445 E. Los Angeles Avenue, Suite 301U
Simi Valley, California 93065
Telephone: 805.501.6293
email: lphouse@hotmail.com

Attorneys for Plaintiff
GET AFTER IT MEDIA, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GET AFTER IT MEDIA, INC., Plaintiff, vs. ALEX MERUELO, MERUELO TELEVISION, LLC, and CHARTER COMMUNICATIONS Defendants. | CASE NO. COMPLAINT FOR DAMAGES FOR COPYRIGHT INFRINGEMENT (17 U.S.C. § 101, *et seq*; FALSE DESIGNATION OF ORIGIN (17 U.S.C. § 1125(a) , TRADEMARK INFRINGEMENT (15 U.S.C. §§ 1114 *et seq.*) VIOLATIONS OF PENAL CODE SECTION 496(a) AND CONVERSION (Demand for Jury Trial) |

Plaintiff Get After It Media, Inc. alleges as follows:

PRELIMINARY ALLEGATIONS

1. Plaintiff Get After It Media, Inc. ("GAIM"), is a corporation formed, existing under the laws of the state of Tennessee and conducting business throughout the United States. At all times herein relevant, Plaintiff has been, and is, the successor in interest and assignee of Luken Communications, LLC. Additionally, Plaintiff is, and at all relevant times has been, the owner of a library of copyrighted intellectual property ("Intellectual Property"), *e.g.*, films, television shows and other materials suitable for entertainment purposes. GAIM is engaged in the business of

broadcasting or publishing to the viewing public the "content" of the libraries of Intellectual Property it owns or controls and it does so through multiple stations it owns or controls or, as here, pursuant to agreements with other channel owners to broadcast and publish GAIM's Intellectual Property on their channels. GAIM is also the holder of federally protected trademarks for, among others, Plaintiff's "Retro" and "Heartland" channels. Plaintiff generates income by selling advertising space that accompanies the content which it broadcasts/publishes to the ultimate viewing public.

2. Plaintiff is informed, believes and thereupon alleges that Defendant Alex Meruelo owns and controls a host of business entities that share his name, such as Defendant Meruelo Television, LLC ("Meruelo TV"), and other entities, such as Meruelo Group LLC, Meruelo Capital Investments, Inc., Meruelo Capital Partners 3, LLC, Meruelo Enterprises, Inc. and Meruelo Capital Partners 1, LLC. At all times herein relevant Defendant Alex Meruelo has directly controlled each Meruelo entity to the extent that none of those entities can engage in business without his permission and none of the Meruelo entities may make any significant business decision without his direct approval.

3. Plaintiff is informed, believes and thereupon alleges that Defendant Meruelo TV is a limited liability company, formed and existing under the laws of the state of California, with its principal offices at 9550 Firestone Boulevard, in the city of Downey, California. Plaintiff is informed, believes and thereupon alleges that Defendant Meruelo TV is engaged in the business of broadcasting content through its operation of several television channels ("Channels") within the greater Los Angeles market. Plaintiff is informed, believes and thereupon alleges that Defendant Meruelo TV operates its Channels pursuant to one or more licenses that have been issued to Meruelo TV by the Federal Communications Commission.

4. Plaintiff is informed, believes and thereupon alleges that Defendant Charter Communications ("Charter") is a corporation formed and existing under the laws of the state of Connecticut, with its principal offices located at 400 Washington Boulevard, Stamford, Connecticut 06902. Plaintiff is informed, believes and thereupon alleges that Spectrum TV was or is an entity that provided television streaming to customers throughout Southern California, until it was

acquired by Defendant Charter, which has thereby succeeded to its interests, including the brand identity and viewership of Spectrum TV. Plaintiff is informed, believes and thereupon alleges that Defendant Charter is a global media and tech company that reaches hundreds of millions of customers through "Retransmission Agreements" it has with local station owners, such as Defendants Alex Meruelo and Meruelo TV.

5. Plaintiff is informed, believes and thereon alleges that, at all material times Defendants Alex Meruelo, Meruelo TV, and Charter foresaw the nature and extent of the probable consequences of their acts in legally causing GAIM's damages, as hereinafter alleged.

JURISDICTION AND VENUE

6. This action arises, in part, under, among others, the Copyright Act of 1976, 17 U.S.C. §§ 101, *et. seq*., and the Lanham Trademark Act of 1946, 15 U.S.C. § 1051, et seq., conferring Federal question jurisdiction under 28 U.S.C. § 1331, and supplemental jurisdiction on Plaintiff's state law claims under 28 U.S.C. § 1367.

7. Venue is proper in this District pursuant to 28 U.S. C. §§ 1391(b)(2) as: (a) a substantial part, if not the majority of, the events or omissions giving rise to Plaintiff's claims occurred within this District; (b) Defendants conduct business within this District; (c) the written agreements as identified and described more thoroughly below were entered into by the respective parties within this District conferred jurisdiction within this District; and (d) Plaintiffs and Defendants Alex Meruelo and Meruelo TV are residents of and domiciled within this District, and that Plaintiff has been and will continue to be damaged, within this District, by Defendants' unlawful acts.

8. Again, Plaintiff is, and at all times herein relevant has been, the owner or licensee of all of the viewer content, *e.g.,* movies and television programming, that it broadcasts and publishes to members of the public that subscribes to channels on which Plaintiff's viewer content is broadcast/ published. It must be emphasized that **all** of the viewing content which GAIM contracts with others, such as Defendant Meruelo TV, to broadcast and published for GAIM's benefit, is protected by U.S. copyrights and Business and Professions Code sections 17200, *et seq*.

FIRST CLAIM FOR RELIEF

(For Copyright Infringement Under 17 U.S.C. §§ 101, *et seq.*

against Defendants Meruelo TV and Charter)

9. Plaintiff hereby incorporate each allegation contained within paragraph nos. 1 through 8, above.

10. In February, 2023, GAIM on the one hand and Defendant Meruelo TV on the other hand entered into two written agreements, both of which are dated February 13, 2023. Pursuant to each of those agreements, GAIM purchased from Meruelo specified time on two of the digital television channels which are owned by Defendants Alex Meruelo and Meruelo TV. Pursuant to those agreements, GAIM broadcast/published its Intellectual Property on Defendants' Channels. One of those agreements, the "Retro Agreement," concerns broadcasting/publishing content from Plaintiff's "Retro" library of material and the other agreement, the "Heartland Agreement," governs broadcasting of content from GAIM's "Heartland" library of material.

11. All of the Intellectual Property which is owned and controlled by GAIM is constantly being streamed on the internet, but is available to be broadcast to the public only through the use of codes that are provided by GAIM to broadcasters pursuant to agreements, such as the Retro and Heartland agreements. Pursuant to both the Retro Agreement and the Heartland Agreement, during the three-year term of those agreements, Defendant Meruelo TV broadcast/published GAIM's copyrighted viewer content only with GAIM's express permission, until both agreements ended on February 14, 2026.

12. Paragraph no. 4 of both the Retro Agreement and the Heartland Agreement recite that the term of those agreements was for 36 months, and ended by their own terms on February 14, 2026. Plaintiff has performed each obligation required of it under the Retro and Heartland agreements, except to the extent further performance by GAIM has been excused by Defendants' conduct, as herein alleged.

13. GAIM is informed, believes and thereupon alleges that, after the Retro and Heartland agreements had terminated by their own terms, and in abject defiance of the protections afforded

Plaintiff under the copyrights and trademarks it holds, Defendant Meruelo TV deliberately continued to broadcast and published GAIM's protected works for at least four months, without Plaintiff's permission or consent. Plaintiff is further informed, believes and thereupon alleges that Defendant Charter rebroadcast/republished that same material pursuant to Retransmission Agreements effective between it and Defendant Meruelo TV. Plaintiff is informed, believes and thereupon alleges that the acts of Defendants Meruelo TV and Charter in broadcasting Plaintiff's Intellectual Property without its permission, as alleged herein, constitutes infringement within the meaning of 17 U.S.C. §§ 101, *et seq*.

14. Plaintiff is informed, believes and thereupon alleges that, because Defendants Meruelo TV and Charter continued to broadcast and publish Plaintiff's Intellectual Property and GAIM is concerned that Defendants will continue to infringe upon Plaintiff's protected Intellectual Property, by continuing to broadcast and publish Plaintiff's protected property without GAIM's permission or consent.

15. As a direct result of Defendants' infringement upon GAIM's protected Intellectual Property, Plaintiff is entitled to a preliminary and permanent injunction, restraining and enjoining Defendant Meruelo TV from further infringing upon Plaintiff's Intellectual Property, requiring those Defendants to surrender to Plaintiff all of the Intellectual Property and codes used to access GAIM's property, and provide Plaintiff with a detailed record of each time Defendants have broadcast or published each item of Plaintiff's protected property.

16. As a further direct and legal result of the infringement by Defendants Meruelo TV and Charter of GAIM's Intellectual Property, Plaintiff has sustained damages in an amount as yet ascertained, to be proven at time of trial.

17. Pursuant to the provisions of 17 U.S.C §§ 502 through 505, GAIM is entitled to an award of its actual damages, or its statutory damages, and for equitable relief including injunctive relief, and impoundment of all infringing materials within Defendants' possession, custody and control, and Plaintiff's reasonable attorneys fees.

///

SECOND CLAIM FOR RELIEF

(For False Designation or Origin Under 17 U.S.C. § 1125(a)

Against Defendants Meruelo TV and Charter)

18. Plaintiff hereby incorporate each allegation contained within paragraph nos. 1 through 8 and 10 through 14 above.

19. As alleged above, Defendants Meruelo TV and Charter have infringed upon Plaintiff's Intellectual Property by broadcasting and publishing GAIM's viewer content without its permission or consent. Plaintiff is informed, believes and thereupon alleges that Defendant's unauthorized use, broadcast and publishing of GAIM's Intellectual Property constitutes false designation of origin in violation of section 17 U.S.C. § 1125(a), because Defendant's unauthorized use, broadcast and publication of Plaintiff's copyright protected materials suggests a false designation of the origin of Plaintiff's Intellectual Property and, moreover, falsely suggests that Defendant Meruelo TV owns, controls or has permission to use Plaintiff's protected material. Such acts of infringement by Defendant further suggests a false association between GAIM on the one hand and Defendants Meruelo TV and Charter on the other hand.

20. As a direct and legal result Defendants' unauthorized use of Plaintiff's Intellectual Property, Plaintiff has been damaged, and it is anticipated, may well continue to damage, GAIM's goodwill and reputation, and Defendants have caused and are likely to continue to cause, a loss of GAIM's profits. Defendant's actions have caused and will continue to cause irreparable harm to GAIM and to the public, who is likely to be confused by Defendant's unauthorized use of Plaintiff's protected viewer content. Plaintiff is informed, believes and thereupon alleges that, unless restrained and enjoined by this Court, GAIM will have no adequate remedy at law to prevent Defendants from continuing their infringing actions and from continuing to injur Plaintiff.

21. As a further direct and legal result of Defendant's actions, GAIM has sustained damages, and will continue to sustain compensatory damages, including the loss of business opportunity, in an amount as yet unascertained, to be determined at time of trial.

///

THIRD CLAIM FOR RELIEF

(For Trademark Infringement Under 15 U.S.C. §§ 1114 *et seq.*

Against Defendants Meruelo TV and Charter)

22. Plaintiff hereby incorporate each allegation contained within paragraph nos. 1 through 8, 10 through 14, 19 and 20 above.

23. GAIM is and has for many years has been the holder of federally-issued trademarks for its "Retro" and "Heartland" channels, each of which maintains there own separate libraries of viewership content. Specifically, GAIM is the holder of registered trademark nos. 4,084,309, 4,067,686, 3,981,964, 3,962,330 and 3,883,601 for its "Retro" library/channel, and GAIM holds trademark nos. 4,573,741, 4,573,740 and 4,753,739 for its "Heartland" library/channel.

24. Over the years, Plaintiff's "Retro" and "Heartland" channels have become recognized as being associated with GAIM and the names of those channels have developed recognition as providers of viewership that is tailored to particular types of content. For example, Plaintiff's "Retro" channel is associated with programming that evokes earlier, simpler times, whereas Plaintiff's "Heartland" channel provides contemporary, wholesome programming.

25. Plaintiff is informed, believes and thereupon alleges that Defendants' continued trafficking upon GAIM's trademarks constitutes trademark infringement under 15 U.S.C. §§ 1051 *et seq.*

26. Plaintiff is informed, believes and thereupon alleges that, in deliberately continuing to broadcast/publish Plaintiff's Intellectual Property without Plaintiff's consent or authority, for an improper purpose, Defendants have attempted to trade upon the goodwill and commercial attraction that Plaintiff's Retro and Heartland channels have earned with the public and developed over the span of many years. Plaintiff is informed, believes and thereupon alleges that Defendants' infringing upon GAIM's Intellectual Property is likely to cause consumer confusion and deceive the public into believing that Defendants Meruelo TV and Charter are still in good graces with GAIM and that Defendants still have authority to broadcast/publish Plaintiff's Retro content and Heartland content.

///

27. Because Defendants Meruelo TV and Charter have caused and are likely to continue causing substantial injury to the public and to GAIM, Plaintiff is entitled to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. sections 1114, 1116, and 1117.

FOURTH CLAIM FOR RELIEF

(For Violations of Penal Code section 496,

Against Defendants Alex Meruelo and Meruelo TV)

28. Plaintiff hereby incorporate each allegation contained within paragraph nos. 1 through 8 and 10 through 14, 19, 20 and 23 through 26, above.

29. Plaintiff is informed, believes and thereupon alleges that by February, 2026, certain disputes had arisen between Plaintiff on the one hand and Defendant Meruelo TV on the other hand regarding Meruelo TV's claim that GAIM owed it monies under the Retro and Heartland agreements. Plaintiff is further informed, believes and thereupon alleges that, beginning in or about February, 2026, Defendant Alex Meruelo formed an agreement with Defendant Meruelo TV to attempt to leverage a monetary resolution of the disputes that had arisen between them and GAIM. In that regard, Defendants Alex Meruelo and Meruelo TV chose to continue broadcasting/ publishing GAIM's Intellectual Property for four months after the Retro and Heartland agreements, and their permission to do so, had ended. Plaintiff is informed, believes and thereupon alleges that Defendants deliberately sought to fabricate an amount they claimed are owed to Meruelo TV by GAIM.

30. Plaintiff is informed, believes and thereupon alleges that it was essential to Defendant Alex Meruelo that the time purchased by Plaintiff on Defendant's Channels be filled, in order to avoid those Channel not having anything to broadcast on those Channels at the times specified within the Retro and Heartland agreements. By deliberately continuing to broadcast and infringe upon Plaintiff's Intellectual Property for several months after the Retro and Heartland agreements had ended, Alex Meruelo and Meruelo TV unlawfully took personal property belonging to Plaintiff.

Put another way, in continuing to broadcast/publish Plaintiff's Intellectual Property without Plaintiff's consent or authority, Defendants Alex Meruelo, Meruelo TV and Charter deprived Plaintiff of its right to control its own property and the income it presumably generated during the time Defendants infringed upon Plaintiff's Intellectual Property.

31. Plaintiff is informed, believes and thereupon alleges that at all times herein relevant, Defendants Alex Meruelo and Meruelo TV maintained "Retransmission Agreements" with Defendant Charter. Plaintiff is further informed, believes and thereupon alleges that, pursuant to its Retransmission Agreement with Defendant Charter, Defendant Meruelo TV was required to maintain continuous programming on each of the channels that Charter rebroadcast Meruelo TV's programming. Plaintiff is further informed, believes and thereupon alleges that Defendants Alex Meruelo and Meruelo TV broadcast/published Plaintiff's Intellectual Property without GAIM's permission so that the channels that had been broadcasting/publishing content from Plaintiff's Retro and Heartland channels did not "go dark," which would constitute a breach, by Defendants Alex Meruelo and Meruelo TV, of their Retransmission Agreements with Defendant Charter.

32. Plaintiff is informed, believes and thereupon alleges that Defendant Charter rebroadcast Plaintiff's Intellectual Property for approximately four months after the Retro and Heartland agreements had expired., pursuant to its Retransmission Agreement with Defendants Alex Meruelo and Meruelo TV. Plaintiff is informed, believes and thereupon alleges that the unlawful taking and use of Plaintiff's property, *i.e.*, the continued broadcasting/publishing of Plaintiff's Intellectual Property without Plaintiff's consent, constitutes a violation of Penal Code section 496(a).

33. As a direct and legal result of the violation of Penal Code section 496(a) by Defendants Alex Meruelo, Meruelo TV and Charter, Plaintiff has sustained damages in an amount as yet unascertained but believed to exceed $1,000,000, to be determined at time of trial. As a further direct and legal result of the violation of Penal Code section 496(a), Plaintiff is entitled to recover, in addition to its actual damages, treble actual damages and its reasonable attorneys fees.

///

///

FIFTH CLAIM FOR RELIEF

(For Conversion, Against All Defendants)

34. Plaintiff hereby incorporate each allegation contained within paragraph nos. 1 through 8, 10 through 14, 19, 20 and 29 through 33 above.

35. At all times herein relevant, Plaintiff is and has been the owner of, and has had the right to control, its Intellectual Property. Plaintiff's Intellectual Property is of substantial present and potential value, including the Intellectual Property that is the subject of the Retro and Heartland agreements.

36. Beginning in or about February, 2026 and continuing until approximately July, 2026, Defendants Alex Meruelo, Meruelo TV and Charter wrongfully exercised dominion and control over Plaintiff's Intellectual Property, *i.e.*, the infringement of Plaintiff's Intellectual Property, by broadcasting/publishing GAIM's Intellectual Property that is the subject of the Retro and Heartland agreements. The wrongful exercise of dominion and control over Plaintiff's Intellectual Property by Defendants Alex Meruelo, Meruelo TV and Charter substantially interfered with GAIM's right to exercise control over its own property, *i.e.*, the Intellectual Property. Plaintiff is informed, believes and thereupon alleges that the conduct of, essentially, "stealing" and misappropriating Plaintiff's Intellectual Property by Defendants Alex Meruelo, Meruelo TV and Charter, as alleged above, constitutes conversion of Plaintiff's personal property.

37. As a direct and legal result of the conversion of Plaintiff's personal property by Defendants Alex Meruelo, Meruelo TV and Charter, Plaintiff is entitled to recover the value of its Intellectual Property, including the profits generated therefrom while it was converted by Defendants Alex Meruelo, Meruelo TV and Charter, in an amount to be determined at time of trial.

WHEREFORE, Plaintiff Get Afer It Media, Inc. prays for judgment in its favor and against Defendants Alex Meruelo, Meruelo TV, LLC and Charter Communications as follows:

1. For compensatory damages of at least $1,000,000, to be determined at time of trial;
2. For punitive and exemplary damages in an amount to be determined at time of trial;

3. For the allowable costs incurred by Plaintiff herein; and

4. For such other and further relief that is proper and just.

DATED: August 22, 2026

LAW OFFICE OF LAWRENCE P. HOUSE

By: ______________________

LAWRENCE P. HOUSE
Attorneys for Plaintiff
GET AFTER IT MEDIA, INC.